# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GENE E. DUDLEY, SR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-CV-918-DGK |
| KANSAS CITY POLICE DEPARTMENT, | ) |
| KANSAS CITY BOARD | ) |
| OF POLICE COMMISSIONERS, | ) |
| ALVIN BROOKS, | ) |
| MICHAEL RADER, | ) |
| ANGELA WASSON-HUNT, | ) |
| SYLVESTER JAMES, | ) |
| LISA PELOFSKY, | ) |
| CITY OF KANSAS CITY MISSOURI, | ) |
| Defendants. | ) |

## ORDER GRANTING MOTIONS TO DISMISS

This section 1983 lawsuit arises from Defendant City of Kansas City's towing of *pro se* Plaintiff Gene E. Dudley, Sr.'s pick-up truck for failure to display valid license plates while parked on a city street. Construed broadly, Plaintiff's Complaint alleges the towing violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments because he was deprived of his truck without due process, that is, being given notice and a hearing before the truck was towed. The Complaint also alleges Kansas City's license plate display ordinance is unconstitutionally vague.

Now before the Court are Defendants' motions to dismiss (Docs. 4 and 5) for failure to state a claim.[1] Defendants argue that they did not have to provide a hearing or notice to Plaintiff

---

[1] Although neither motion cites Fed. R. Civ. P. 12(b)(6), both motions argue that as a matter of law Plaintiff's allegations, even if true, do not state a valid claim for relief.

prior to towing his truck, and that the ordinance at issue is not vague. For the following reasons, the motions are GRANTED.

## Standard of Review

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although it need not make detailed factual allegations, it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

## Factual and Procedural Background

Drawing all reasonable inferences in Plaintiff's favor, the Court finds the facts to be as follows.

On August 2, 2013, Plaintiff's 1984 Chevy pick-up truck was parked on a public street in front of Plaintiff's residence at 2332 Brighton Avenue in Kansas City, Missouri. Plaintiff had temporarily parked the truck there while it was being repaired. The truck's license plates were expired.

That same day, a police officer employed by and supervised by Defendant Kansas City Board of Police Commissioners and the individual Defendant members of the Board of Police Commissioners, ticketed the truck for being illegally parked in violation of Kansas City Ordinance 70-137. The ordinance states in relevant part that, "No person shall operate or park any motor vehicle or trailer upon any street or highway of this city unless such motor vehicle or trailer has properly displayed a valid license plate or temporary permit." Additionally, Ordinance 70-642 provides that,

> Any police officer is hereby authorized to remove a vehicle or other personal property to the nearest garage or other place designated by the city under the circumstances enumerated in this section: . . . (10) When any vehicle is parked on the streets or any public place without valid license plates or with license plates reported stolen and when a traffic summons has been affixed to the vehicle or presented to the owner or operator.

The same day the police issued the ticket, Defendants had the truck towed away. The truck was eventually sold, or is scheduled to be sold,[2] for failure to pay towing and storage costs.

The law authorizing the truck to be towed, Missouri Revised Statute § 304.156, does not require a hearing prior to a vehicle being towed, but provides that the owner of a towed vehicle has "the right to request a hearing to contest the propriety of such towing or removal" after the towing has occurred.

The Complaint alleges that due process required Defendants to give him notice or a hearing before towing Plaintiff's truck. Although it is unclear, the Petition also seems to suggest that the towing of Plaintiff's truck constitutes a taking of private property for public use in violation of the Fifth Amendment's Takings Clause. Finally, the Petition also contends that Ordinance 70-137 is vague and overbroad. The Complaint seeks: (1) actual damages of $150 per day Plaintiff is deprived of his truck; (2) declaratory relief declaring the ordinance unconstitutional insofar as it authorizes the seizure of parked vehicles displaying expired plates without a hearing; and (3) a court order requiring Defendant's truck be returned to him.

## Discussion

As a threshold matter, the putative Defendant Kansas City Police Department "does not exist as an entity that can be sued." *Cross v. Cleaver*, 142 F.3d 1059, 1063 (8th Cir. 1998). Accordingly, all claims against Defendant Kansas City Police Department are dismissed.

---

[2] The Petition is unclear on this point.

Turning to the merits of Plaintiff's claim, Defendants argue—and Plaintiff does not dispute—that Eighth Circuit caselaw provides that Defendants were not required to give Plaintiff either notice or a hearing before towing his truck. As Defendants note,[3] due process requires the opportunity to be heard at a meaningful time in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). However, the hearing need not always take place before the deprivation. *Breath v. Cronvich*, 729 F.2d 1006, 1010 (5th Cir. 1984). Extraordinary situations justify postponing notice and an opportunity for a hearing. *Fuentes v. Shevin*, 407 U.S. 67, 90 (1972). The Constitution allows for the deprivation of a property interest without a prior hearing when:

> (1) the deprivation is directly necessary to secure an important government or general public interest, (2) there is a special need for very prompt action, and (3) the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance."

*Breath*, 729 F.2d at 1010 (citing *Fuentes*, 407 U.S. at 91). The Eighth Circuit Court of Appeals has recognized that "municipalities authorizing towing of illegally parked cars are not required by the Constitution to establish pre-deprivation notice and hearing procedures." *Allen v. City of Kinloch*, 763 F.2d 335, 336 (8th Cir. 1985) (citing *Breath*, 729 F.2d at 1010).

In the present case, the requirements for post-deprivation notice and hearing are satisfied. First, towing is necessary to protect a city's interest in regulating the use of its streets. *Breath*, 729 F.2d at 1010. "Second, public convenience and safety" can require "the prompt removal of illegally parked vehicles." *Id*. Third, a police officer must determine the ordinance is being violated before the vehicle can be towed. *Id.* Consequently, as a matter of law, Plaintiff cannot establish that the towing violated his right to due process.

---

[3] This portion of the Court's decision is drawn from Defendants' brief with minor changes.

Furthermore, because the truck was lawfully towed from the scene at the police's direction, the towing and any subsequent sale is not a taking under the Fifth Amendment's Takings Clause. *See Bennis v. Michigan*, 516 U.S. 442, 452 (1996) (holding that forfeiture of a wife's interest in a car which was used by her husband without her knowledge to facilitate a crime was not a taking of private property for public use in violation of the takings clause, becaukse the government is not "required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain.").

Finally, Ordinance 70-137 is not vague or overbroad. To determine whether a statute is unconstitutionally vague, a court looks at: (1) whether the statute defines the offense with sufficient definiteness to provide fair warning or adequate notice as to what is prohibited, and (2) whether the statute defines the offense in a manner that encourages arbitrary and discriminatory enforcement. *United States v. Ghane*, 673 F.3d 771, 777 (8th Cir. 2012). A statute is overbroad if it prohibits constitutionally protected conduct in addition to the conduct the statute seeks to proscribe. *Id.* In this case, the language of the statute—"[n]o person shall operate or park any motor vehicle or trailer upon any street or highway of this city unless such motor vehicle or trailer has properly displayed a valid license plate or temporary permit"—provides both fair warning and does not define the offense in such a way as to lend itself to arbitrary or discriminatory enforcement, hence it is not vague. The statute is also not overbroad because there is no constitutional right to park a motor vehicle upon a street that does not have a valid license plate or temporary permit.

Accordingly, Plaintiff's complaint fails to state a claim for relief. Defendants' motions to dismiss (Docs. 4 and 5) are GRANTED.

**IT IS SO ORDERED.**

Date:  May 5, 2014					/s/ Greg Kays
						GREG KAYS, CHIEF JUDGE
						UNITED STATES DISTRICT COURT